## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PAUL CUETO FLORES                                    *
8757 Georgia Avenue, Suite 400                       *
Silver Spring, Maryland 20910                        *
                                                     *
And                                                  *
                                                     *
MISAEL JUAREZ PEREZ                                  *
8757 Georgia Avenue, Suite 400                       *
Silver Spring, Maryland 20910                        *
                                                     *
*On Behalf of Themselves and*                        *
*All Others Similarly Situated*                      *
                                                     *
    PLAINTIFFS,                                      *
                                                     *
        v.                                           *       Case No.:
                                                     *
CE RENTAL, INC.                                      *
4300 Craftsman Drive                                 *
Raleigh, North Carolina 27609                        *
                                                     *
SERVE:      Corporation Service Company              *
            1090 Vermont Avenue, NW                  *
            Washington, DC 20005                     *
                                                     *
And                                                  *
                                                     *
CAPITAL RENTALS, INC.                                *
4506 Daly Drive, Suite 100                           *
Chantilly, Virginia 20151                            *
                                                     *
SERVE:      Corporation Service Company              *
            1090 Vermont Avenue, NW                  *
            Washington, DC 20005                     *
                                                     *
    DEFENDANT.                                       *
**************************************************************************

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Paul Cueto Flores ("Flores") and Misael Juarez Perez ("Perez") (together, "Plaintiffs"), by and through her undersigned counsel, on behalf of themselves and all other similarly situated individuals, hereby bring this Class and Collective Action Complaint to recover

damages against the Defendants CE Rental, Inc. ("CE Rental") and Capital Rentals, Inc. ("Capital Rentals") (together, "Defendants"), and for grounds state as follows:

## PARTIES AND JURISDICTION

1.      Plaintiffs are each adult residents and domiciliaries of the Commonwealth of Virginia.

2.      CE Rental is a corporation formed under the laws of the State of Delaware.

3.      CE Rental maintains its principal place of business in Raleigh, North Carolina.

4.      During the time period relevant to this action (January 2016 through the present, hereinafter the relevant time period"), CE Rental operated substantially and continuously in the District of Columbia.

5.      Capital Rentals is or was a corporation formed under the laws of the State of Maryland.

6.      At some point in or about 2017, Capital Rentals' assets, operations and employees were absorbed and taken over by CE Rental.

7.      During the relevant time period, Capital Rentals operated substantially and continuously in the District of Columbia.

8.      During the relevant time period, Defendants operated as business entities engaged in renting party and event equipment (*e.g.* party tents, party stages, party tables and chairs, specialty linens, flatware, catering equipment, etc.) to public and private customers and clients in Washington, D.C. and in a variety of other states.

9.      Plaintiffs and other similarly situated individuals were employed by Defendants during the relevant time period.

10.      Plaintiffs and other similarly situated individuals performed the primary job duties of (1) picking up party equipment for delivery at Defendants' storage location in Virginia; (2)

2

delivering the party equipment; (3) setting up the party equipment; (4) breaking down the party equipment; and (5) returning the party equipment back to Defendants' storage location in Virginia.

11.     During the relevant time period, the substantial majority (more than 50%) of the job duties performed by Plaintiffs and other similarly situated individuals were performed in the District of Columbia.

12.     For the period of about 2016 and some portion of 2017, Plaintiffs and other similarly situated individuals were employed directly by Capital Rentals, performing the above referenced job duties, and receiving compensation directly from Capital Rentals.

13.     In about 2017, CE Rental purchased Capital Rentals, and thereafter, Plaintiffs were employed directly by CE Rental, performing the same above referenced job duties, but receiving compensation directly from CE Rental.

14.     On information and belief, when CE Rental purchased Capital Rentals, CE Rental purchased Capital Rentals assets and liabilities, including liability for damages sought by Plaintiffs and other similarly situated individuals in this action.

15.     On information and belief, immediately after CE Rental's purchase of Capital Rentals, Capital Rentals ceased generating revenue and dissolved its corporate status in Virginia, Maryland, and the District of Columbia.

16.     During the period Plaintiffs were directly employed by Capital Rentals, Capital Rentals maintained and operated a company-wide payroll practice of automatically deducting one (1) hour for a break, lunch, or meal period from the daily wages belonging to Plaintiffs and other similarly situated individuals.

17.     During the period Plaintiffs were directly employed by Capital Rentals, Capital Rentals failed to pay or otherwise provide paid safe and sick leave as required by District of

Columbia law.

18.    On information and belief, at or before the time CE Rental purchased Capital Rentals, CE Rental had actual or constructive knowledge that Capital Rentals maintained and operated a company-wide payroll practice of automatically deducting one (1) hour for a break, lunch, or meal period from the daily wages belonging to Plaintiffs and other similarly situated individuals.

19.    On information and belief, at or before the time CE Rental purchased Capital Rentals, CE Rental had actual or constructive knowledge that Capital Rentals failed to pay or otherwise provide safe and sick leave as required by District of Columbia law.

20.    On information and belief, at or before the time CE Rental purchased Capital Rentals, CE Rental had actual or constructive knowledge that Capital Rentals had no evidence or corroborating proof or documentation that Plaintiffs or other situated individuals ceased performing compensable work for one (1) hour each work day or otherwise supporting or justifying Capital Rentals' practice of automatically deducting one (1) hour of wages per employee per work day.

21.    At or before the time CE Rental purchased Capital Rentals' business operation, CE Rental had actual or constructive knowledge or knew or reasonably should have known that Capital Rentals' practice of automatically deducting one (1) hour of wages from Plaintiffs and other similarly situated employees' each day was done without proof or cause supporting the deduction, was an unlawful wage theft practice, and/or could reasonably result in a meritorious claim by Plaintiffs and other similarly situated individuals for unpaid wages, liability and/or damages.

22.    At or before the time CE Rental purchased Capital Rentals' business operation, CE Rental had actual or construction knowledge or knew or reasonably should have known that

4

Capital Rentals' failure to pay or otherwise provide paid safe and sick leave as required by District of Columbia law was an unlawful employment practice and/or could reasonably result in a meritorious claim by Plaintiffs and other similarly situated individuals for unpaid benefits, liability, and/or damages.

23.     CE Rental is a corporate successor and/or is otherwise liable for unpaid wages and damages caused by the acts and omissions of Capital Rentals in this action because (a) CE Rental and Capital Rentals share a common or substantially similar business operations, business locations, goods and services, and employees; (b) the work services that CE Rental holds out for sale to the public are nearly identical to those held out for sale to the public by Capital Rentals; (c) at the time CE Rental purchased Capital Rentals, CE Rental knew or reasonably should have known about the District of Columbia wage and hour violations that are the subject of this action; and (d) on information and belief, CE Rental purchased the liabilities of Capital Rentals, including liability for unpaid wages and other damages sought in this action.

24.     In or about 2017, after CE Rentals purchased Capital Rentals, CE Rental maintained and operated a modified company-wide payroll practice of automatically deducting thirty (30) minutes for a break, lunch, or meal period from the daily wages belonging to Plaintiffs and other similarly situated individuals.

25.     In or about 2017, after CE Rentals purchased Capital Rentals, and thereafter, CE Rental failed to pay or otherwise provide paid safe and sick leave as required by District of Columbia law to Plaintiffs and other similarly situated individuals.

26.     The claims of Plaintiffs and other similarly situated individuals to recover unlawfully withheld or deducted wages are made under the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq*. ("DCMWA") and the D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA").

27.     The claims of Plaintiffs and other similarly situated individuals to recover unpaid benefits and other statutory damages for Defendants' failure to pay otherwise provide paid safe and sick leave as required by District of Columbia law is made under the District of Columbia Accrued Safe and Sick Leave Act ("ASSLA"), D.C. Code § 32-531.01, *et seq.*

28.     By acting as the named Plaintiffs in this action, Plaintiffs do hereby affirm their consent and intent to participate as class representative on behalf of the below identified described classes.

29.     The amount sought by Plaintiffs, individually and on behalf of other similarly situated individuals, exceeds $75,000.00.

30.     Complete diversity of the parties as described above sets forth a proper basis for diversity jurisdiction in this Court pursuant to 28 U.S. Code § 1332.

31.     As set forth above, during the relevant period, Defendants continuously and substantially operated in the District of Columbia and the acts and omissions giving rise to this action occurred in the District of Columbia.  As such, personal jurisdiction and venue are proper in this Court.

## FACTS

32.     During the time period of at least January 2016 through about November 2018, Plaintiffs were employed by Defendants to perform the primary job duties of (1) picking up party equipment for delivery at Defendants' storage location in Virginia; (2) delivering the party equipment primarily in the District of Columbia; (3) setting up the party equipment primarily in the District of Columbia; (4) breaking down the party equipment primarily in the District of Columbia; and (5) returning the party equipment back to Defendants' storage location in Virginia.

33.     While employed, Defendants paid Plaintiffs as hourly employees at hourly rates at

or about $18.00 per hour.

34.    While employed, Plaintiffs typically and customarily started their daily work shifts in Virginia, at Defendants' storage facility.

35.    While employed, Plaintiffs typically and customarily concluded their daily work shifts in Virginia, at Defendants' storage facility.

36.    While employed, Plaintiffs typically and customarily signed in to commence their compensable work day in the morning at Defendants' storage facility in Virginia.

37.    While employed, Defendants typically and customarily signed out to conclude their compensable work day in the evening hours at Defendants' storage facility in Virginia.

38.    During the compensable work day, Plaintiffs were generally and customarily traveling from party rental location to party rental location, driving or riding in Defendants' company-owned trucks.

39.    During the compensable work day, Plaintiffs performed the substantial majority of their time (more than 50%) in the District of Columbia, but also performed some work duties in Virginia, and in Maryland.

40.    Other than signing in the morning at Defendants' storage location and signing out in the evening at Defendants' storage location Plaintiffs had no ability to modify, change, or manipulate their time records.

41.    Other than signing in the morning at Defendants' storage location and signing out in the evening at Defendants' storage location Plaintiffs did not modify, change, or manipulate their time records.

42.    At all times, Defendants had exclusive possession, custody, and control of Plaintiffs' time records.

43.    As set forth above, during the period of about 2016 through some part of 2017,

Defendants implemented and carried out a time manipulation scheme whereby Defendants automatically deducted one (1) full hour of compensable time from Plaintiffs' time and compensation each day Plaintiffs worked.

44.     As set forth above, during the period about 2017 through the end of Plaintiffs' employment, Defendants implemented and carried out a time manipulation scheme whereby Defendants automatically deducted thirty (30) minutes of compensable time from Plaintiffs' time and compensation each day Plaintiffs worked.

45.     During the period of their employment, Plaintiffs did not typically or customarily take or enjoy a break period of thirty (30) minutes or one (1) hour during the compensable work day.

46.     During the period of their employment, Plaintiffs typically and customarily took much shorter rest breaks of about five (5) or ten (10) minutes during the compensable work day to purchase fast food or convenience food, and then Plaintiffs typically and customarily would eat the food while traveling from one work location to the next work location.

47.     During the period of Plaintiffs' employment, Defendants had actual knowledge of all hours Plaintiffs worked and all duties Plaintiffs performed during the compensable work day and had actual knowledge that Plaintiffs did not cease performing compensable work duties for thirty (30) minutes or one (1) hour each day.

48.     During the period of Plaintiffs' employment, Defendants deducted thirty (30) minutes or one (1) hour from Plaintiffs compensable time and wages each day even though Defendants had actual knowledge that Plaintiffs did not cease performing work duties for thirty (30) minutes or one (1) hour and that Defendants should have paid Plaintiffs for all compensable work hours Plaintiffs worked each day from the time Plaintiffs signed in through the time Plaintiffs signed out.

49.     While employed, the exact number of hours Plaintiffs worked each week varied from week to week.

50.     While employed, Plaintiffs regularly and customarily worked more than forty (40) hours per week.

51.     While employed, Defendants had actual knowledge of all hours Plaintiffs worked including overtime Plaintiffs worked over forty (40) hours per week.

52.     While employed, Defendants paid Plaintiffs at their regular hourly rates for on-the-clock non-overtime hours worked each week and paid Plaintiffs at the time-and-one-half rate for on-the-clock overtime hours Plaintiffs worked over forty (40) each week.

53.     Defendants now owe Plaintiffs the return of their unlawfully deducted and withheld wages at their regular hourly rates for non-overtime hours worked each week and at Plaintiffs' time-and-one-half overtime rate for hours worked that would have been hours in excess of forty (40) per week.

54.     Without excuse or justification, Defendants failed and refused to pay Plaintiffs their final paychecks for Plaintiffs' final pay periods employed by Defendants.

55.     Without excuse or justification, Defendants failed and refused to pay Plaintiffs their earned and accrued paid time off, vacation pay, and other earned owing wages or monetary benefits due at or after the conclusion Plaintiffs' employment with Defendants.

56.     Likewise, for Plaintiffs and other individuals that performed the majority of their work duties in the District of Columbia, Defendants are subject to the District of Columbia Accrued Safe and Sick Leave Act ("ASSLA"), D.C. Code § 32-531.01, *et seq.*

57.     The ASSLA requires the following amounts of paid safe and sick leave:

    a.   Employers of 100 or more employees - 1 hour for every 37 hours worked, up to 7 days per calendar year;

b.  Employers of 25 to 99 employees - 1 hour for every 43 hours worked, up to 5 days; and

c.  Employers of 24 or fewer employees - 1 hour for every 87 hours worked, up to 3 days.

D.C. Code § 32-531.02(a)

58.   Defendants employed 25 or more employees who, like Plaintiffs, performed the majority of their work duties in the District of Columbia.

59.   On information and belief, Defendants employed 100 or more employees who, like Plaintiffs, performed the majority of their work duties in the District of Columbia.

60.   Defendants failed to pay, accrue, or otherwise provide sick leave to Plaintiffs or other similarly situated individuals who, like Plaintiffs, performed the majority of their work duties in the District of Columbia.

61.   Defendants owe Plaintiffs, and other elgible similarly situated individuals that performed the majority of their work duties in the District of Columbia, $500.00 of "additional damages" for each accrued day of leave denied, regardless of whether that individual took unpaid leave or reported to work on that day.  D.C. Code § 32-531.12(b).

## CLASS AND COLLECTIVE ALLEGATIONS

62.   Plaintiffs, on behalf of themselves and other similarly situated individuals, are pursuing the herein alleged unpaid and/or deducted wage claim under the DCMWA and the DCWPA as Class Action and/or a Collective Actions ("the Wage Class").

63.   Plaintiffs, on behalf of themselves and other similarly situated individuals, are pursuing the herein alleged ASSLA claim for damages as a Class Action and/or a Collective Action ("the Sick Leave Class")

64.   The Wage Class members include (1) all current and former hourly employees of

Defendants; (2) who performed job duties substantially similar to Plaintiffs; (3) who performed the majority (more than 50%) of their job duties in the District of Columbia; and (4), who had wages wrongly or unlawfully withheld or deducted because of Defendants' common policy and/or practice to automatically deduct or adjust time and pay for lunch, break, or meal periods.

65.    The Sick Leave Class members include (1) all current and former employees of Defendants; (2) who performed the majority (more than 50%) of their job duties in the District of Columbia; and (3) were denied receipt, payment, or accrual of ASSLA guaranteed sick leave.

66.    In the present case, joinder of all class members is impractical because (1) the numbers of the Wage Class and the members of the Sick Leave Class are believed to exceed 100; (2) many of the class members' claims are small, a factor which would certainly preclude many class members from pursuing their rights; and (3) there is substantial judicial economy in litigating all claims in a single action.

67.    All Wage Class members and Sick Leave Class members are readily identifiable from information and records in the possession and control of the Defendants.

68.    In the present case, the questions of law or fact common to the members of the class predominate over any questions affecting only individual Class or Collective members.

69.    Each Wage Class member is seeking unpaid hourly wages (or time-and-one-half wages for overtime over forty (40) hours per week) and statutory liquidated damages for compensable hours worked that were improperly and unlawfully withheld and/or deducted by Defendants arising out of Defendants' class-wide automatic meal, lunch, or break deduction policy.

70.    Each Sick Leave Class Member is seeking damages for denial of payment and/or accrual of paid sick leave in statutorily defined amounts as set forth in D.C. Code § 32-531.12(b).

71.    In the present case, the claims of Plaintiffs, the representative parties, are typical

11

of the claims of the Wage Class members and the Sick Leave Class members.

72.     The legal claims and legal theories being pursued by Plaintiffs, the class representatives, are identical to the legal claims and theories being pursued by the Wage Class members and the Sick Leave class members.

73.     In the present case, Plaintiffs, the representative parties, will fairly and adequately protect the interest of the Wage Class members and the Sick Leave Class members.

74.     Neither Plaintiff has a conflict of interest with the Wage Class members or the Sick Leave Class members.

75.     Plaintiffs, the class representatives, are represented by competent and experienced counsel who will vigorously prosecute this case.

## CAUSES OF ACTION

### COUNT I
### Violation of D.C. Minimum Wage Act Revision Act of 1992

76.     Plaintiffs re-allege and reassert every allegation set forth above as if each were set forth herein.

77.     Each of the Defendants was the "employer" of Plaintiffs and other members of the Wage Class as the term "employer" is defined and interpreted under the DCMWA.

78.     The DCMWA required Defendants to pay Plaintiffs and other members of the Wage Class at the rate of one-and-one-half times their regular hourly rate for overtime worked in excess of forty (40) hours each week.

79.     As set forth above, because of Defendants' deduction and withholding of time and wages for all hours Plaintiffs and other members of the Wage Class worked, Defendants failed to pay Plaintiffs and other Members of the Wage Class at the required time-and-one-half rate for all overtime hours worked in excess of forty (40) each week.

80.     Defendants' failure to pay Plaintiffs and other members of the Wage Class the

full amount of overtime wages each individual was due as required by District of Columbia law for all hours worked in excess of forty (40) each week is without legal excuse or justification.

## COUNT II
### DCWPA

81.     Plaintiff re-alleges and reasserts every allegation set forth above as if each were set forth herein.

82.     Each of the Defendants was the "employer" of Plaintiffs and other members of the Wage Class as the term "employer" is defined and interpreted under the DCWPA.

83.     Under the DCWPA, Defendants were obligated to pay Plaintiffs and other members of the Wage Class for all wages earned and owed for work performed.

84.     As set forth above, Plaintiffs and other members of the Wage Class performed work duties for Defendants' benefit for which Defendants failed to pay Plaintiffs and other members of the Wage Class all wages earned and owed as required by District of Columbia law.

85.     Defendants' failure to pay Plaintiffs and other Members of the Wage Class the full amount of the wages they earned and are owed for all compensable hours each individual worked and as required by District of Columbia law is without legal excuse or justification.

## COUNT III
### Failure to Provide Sick Leave Under the ASSLA

86.     Plaintiffs re-allege and reassert every allegation set forth above as if each were set forth herein.

87.     Each of the Defendants was the "employer" of Plaintiffs and other members of the Sick Leave Class as the term "employer" is defined and interpreted under the ASSLA.

88.     Defendants violated the ASSLA by not providing Plaintiffs and other members of the Sick Leave Class the required paid safe and sick leave in the amounts set forth explicitly in the statutory language of the ASSLA and set forth above.

89.     For Defendants' violations of the ASSLA, Defendants are liable to Plaintiffs and the other members of the Sick Leave Class for back pay for lost wages, court costs, reasonable attorney's fees and expenses, and any other relief deemed appropriate by the Court.  D.C. Code § 32-531.12.

90.     For Defendants' violations of the ASSLA, Defendants are liable to Plaintiffs and the members of the Sick Leave Class for $500.00 of "additional damages" for each accrued day fo leave denied, regardless of whether Plaintiff or the Sick Leave Class members took unpaid leave or reported to work on that day.  D.C. Code § 32-531.12(b).

## COUNT IV
### Breach of Contract

91.     Plaintiffs re-allege and reassert every allegation set forth above as if each were set forth herein.

92.     In the alternative to Count I and II as to unpaid wages for compensable time devoted and performed by Plaintiffs for the benefit of Defendants for which Defendants failed or refused to pay Plaintiffs wages as a result of Defendants taking or applying a false meal or lunch break deduction, and to the extent the DCMWA and/or DCWPA do not apply, the Plaintiffs are entitled to payment of their promised wages for hours worked without statutory penalties under a theory of unilateral contract.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs, individually and on behalf of those similarly situated, pray for relief as follows:

A.  Permitting the Wage Class claims under the DCMWA and DCWPA and the Sick Leave Class claims to proceed as a Class Action under Federal Rule 23 and for the prosecution of claims alleged herein under District of Columbia law to proceed to judgment as a class action to include claims for class members for the entire relevant period.

14

B.  Permitting the Wage Class claims under the DCMWA and DCWPA and the Sick Leave Class claims to proceed as a Collective Action and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to applicable District of Columbia statutes of limitations;

C.  Judgment against Defendants, jointly and severally, and in favor of Plaintiffs and the Wage Class members for unpaid wages due in an amount to be determined for each of the Plaintiffs and each of the Wage Class members, plus statutory liquidated damages in the amount of three times (3x) the unpaid wage amount due (a total of quadruple 4x) damages due to each of the Plaintiffs and each of the Wage Class members;

D.  Judgment against Defendants, jointly and severally, and in favor of Plaintiffs and the Sick Leave Class members for all damages and penalties as provided by the ASSLA.

E.  An award of attorneys' fees (at *Salazar* Index Rates) and costs to be determined by post-trial petition;

F.  Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

G.  Such further relief as may be necessary and appropriate.

Respectfully submitted,

Dated: January 10, 2019

_____

Gregg C. Greenberg, Bar No. MD17291
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email: ggreenberg@zagfirm.com

_____

Matthew T. Sutter, Bar No. 477910
Sutter & Terpak, PLLC
7540 A Little River Turnpike
Annandale, Virginia 22003
(703) 256-1800
Email: Matt@sutterandterpak.com

*Counsel for Plaintiffs and for the Class and/or Collective Members*